UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER: 7 |
| | ) | |
| | ) | CASE NO: 13-02904-hb |
| Alicia Lee Thomas | ) | |
| | ) | NOTICE OF MOTION FOR |
| | ) | RELIEF FROM AUTOMATIC |
| Debtor. | ) | STAY (11 U.S.C.§ 362) |
| | ) | |

TO:   DEBTOR, TRUSTEE, AND THOSE NAMED IN THE ATTACHED MOTION:

PLEASE TAKE NOTICE THAT a hearing will be held on the attached Motion on:

Date: <u>September 19, 2013</u>
Time: <u>11:00 a.m.</u>
Place: <u>Donald Stuart Russell Federal Courthouse</u>
       <u>201 Magnolia Street, Spartanburg, SC 29306</u>

Within 14 days after service of the attached Motion, the Notice of Motion, the movant's Certification of Facts, (and a blank Certification of Facts form (applicable to service on *pro se* parties only), any party objecting to the relief sought shall:

(1)   File with the Court a written objection to the 11 U.S.C. § 362 Motion;

(2)   File with the Court a Certification of Facts;

(3)   Serve on the movant items 1 and 2 above at the address shown below; and

(4)   File a certificate of such service with the Court.

If you fail to comply with this procedure, you may be denied the opportunity to appear and be heard on this proceeding before the court.

MCINTOSH, SHERARD, SULLIVAN & BROUSSEAU

By: <u>/s/M. P. Sherard, Jr.,</u>
    M. P. Sherard, Jr., Fed. I.D. No.4855
    Attorney for Lloyd C. Trotter
    P. O. Box 197
    Anderson, SC 29622
    Tel. No. (864) 225-0001-Fax No. (864) 225-0004
    Email: Marshalls@msslawfirm.net

Anderson, SC
August 26, 2013

UNITED STATES BANKRUPTCY COURT

DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| IN RE: | ) | BANKRUPTCY CASE NO.: 13-02904-hb |
| | ) | CHAPTER 7 |
| Alicia Lee Thomas, | ) | |
| | ) | |
| Debtor. | ) | MOTION TO MODIFY STAY |
| _____ | ) | |

Creditor, Lloyd C. Trotter, hereby moves the Court for relief from the automatic stay of 11 U.S.C. §362(d) and would show as follows:

1    The above referenced Debtor filed a Petition for Relief under Chapter 7, Title 11, U.S. Bankruptcy Code on May 16, 2013.

2.    The Bankruptcy Court has jurisdiction over this bankruptcy proceeding pursuant to 28 U.S.C. §§157 and 1134 and 11 U.S.C. 362.  This is a core proceeding.

3.    John K. Fort is the trustee of the Debtor's estate and may claim an interest in the property which is the subject of this action.

4.    Lloyd C. Trotter is the holder of a secured claim against the Debtor for the sum of approximately Two Hundred Seventy Four Thousand and no/100 plus interest, fees and costs by virtue of a Note dated May 26, 2011.  A true and correct copy of the Note is attached as Exhibit A to the Certification of Facts and is incorporated herein by reference.  Lloyd C. Trotter's claim is secured by a mortgage on real property which is attached as Exhibit B to the Certification of Facts and incorporated herein by reference.

5.    Lloyd C. Trotter seeks relief pursuant to 11 U.S.C. §362(d)(1), for cause, on the grounds that there is inadequate protection for Lloyd C. Trotter's interest in the real property.  Specifically, the Debtor has failed to make post petition payments on the Note as required by the Note and Mortgage.

6.    Further, Lloyd C. Trotter seeks relief pursuant to 11 U.S.C. §362(d)(2), for cause, on the grounds that there is no equity in the real property and the real property is not necessary to an effective reorganization of the Debtor.

7.    If Lloyd C. Trotter is not permitted relief from the automatic stay, he will suffer injury, loss and damage.

8.    Lloyd C. Trotter asserts that he is entitled to recover the attorneys' fees and costs incurred as a result of bringing this motion.

9.    Lloyd C. Trotter agrees to waive any claim that may arise under 11 U.S.C. §503(b) or §507(b) as a result of this motion.  Lloyd C. Trotter further agrees that any funds realized from the sale, in excess of all liens, costs and expenses, will be paid to the trustee.

Wherefore, Lloyd C. Trotter prays:

1.    That the stay pursuant to 11 U.S.C. §362 be modified to permit Lloyd C. Trotter to protect his interest in the real property;

2.    Debtor be taxed with fees and costs; and

3.    For such further relief as the Court may deem just and proper.

MCINTOSH, SHERARD, SULLIVAN &
BROUSSEAU

By: /s/M. P. Sherard, Jr.
M. P. Sherard, Jr. Fed. I.D. 4855
P.O. Box 197
Anderson, SC 29622
Tel. No. 864-225-0001
Dated: August 26, 2013        Fax No. 864-225-0004
Anderson, S. C.        Email: marshalls@msslawfirm.net

UNITED STATES BANKRUPTCY COURT

DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| IN RE: | ) | BANKRUPTCY CASE NO.: 13-02904-hb |
| | ) | CHAPTER 7 |
| Alicia Lee Thomas, | ) | |
| | ) | |
| Debtor. | ) | CERTIFICATION OF FACTS |
| | ) | |

In the above entitled proceeding, in which relief is sought by Lloyd C. Trotter from the automatic stay provided by 11 U.S.C. § 362, I do hereby certify to the best of my knowledge the following:

1.  <u>Nature of Movant's Interest</u>: Lloyd C. Trotter is the holder of a secured claim against the Debtor for the sum of approximately $274,000.00, plus interest, fees, and costs.

2.  <u>Brief Description of Security Interest, copy attached if applicable</u>: Note dated May 26, 2011, copy of which is attached hereto as Exhibit A and incorporated herein by reference.  Mortgage dated May 26, 2011, copy of which is  attached hereto as Exhibit B and incorporated herein by reference.

3.  <u>Description of Property Encumbered by Stay</u>:

    All that certain piece, parcel or lot of land in the State of South Carolina, City of Anderson, County of Anderson, containing 0.480 acres, more or less, and being shown on plat made by Farmer & Simpson Engineers, Inc., dated December 11, 1992, and recorded in the Office of the Register of Deeds for Anderson County, South Carolina in Plat Book 105 at page 893.  For a more complete description as to metes, bounds, courses and distances reference to said plat is hereby invited which is incorporated herein by reference thereto.

    This being the same property conveyed unto Alicia Thomas by deed of Lloyd C. Trotter dated May 26, 2011 and recorded in the Register of Deeds Office for Anderson County, South Carolina in Book 10037 at page 153 on May 26,
     2011.

    1515 North Fant Street, Anderson, SC 2961
    TMS No.: 123-27-02-005

4.  Basis for Relief (property not necessary for reorganization debtor has no equity property not property of estate, etc. include applicable subsection of § 362:

Lloyd C. Trotter seeks relief pursuant to 11 U.S.C. § 362(d)(1) & (2), as more fully set forth in the § 362 Motion filed on even date.

5.  Prior Adjudication by Other Courts, copy attached (Decree of Foreclosure, Order for Possession, Levy of Execution, etc., if applicable):  n/a

6.  Value of Property, Copy of Valuation Attached (Appraisal, Blue Book, etc.): See Appraisal, Exhibit C attached.

| | |
|---|---|
| Fair market value: | $223,000.00 |
| Liens (Mortgages): | $274,000.00 |
| Net Equity | $ -0- |

| | |
|---|---|
| Source/Basis of Value: | Appraisal |

7.  Amount of Debtors' Estimated Equity (using figures from paragraph 6, supra):

$0

8.  Month and Year in Which First Direct Post-Petition Payment Came Due to Movant (if applicable):  June, 2013

9.  (a)  For Movant/Lienholder (if applicable): List or attach a list of all post-petition payments received directly from debtor(s), clearly showing date received, amount, and month and year for which each such payment was applied.          $0

(b)  For Objecting Party (if applicable): List or attach a list of all post-petition payments included in the Movant's list from (a) above which objecting party disputes as having been made.  Attach written proof of such payment(s) or a statement as to why such proof is not available at the time of filing this objection.

10.  Month and Year for Which Post-Petition Account of Debtor(s) is Due as of the Date of this Motion: June, 2013.

MCINTOSH, SHERARD, SULLIVAN & BROUSSEAU

By: /s/M. P. Sherard, Jr.
    M. P. Sherard, Jr., Fed. I.D. No. 4855
    Attorney for Lloyd C. Trotter
    P. O. Box 197
    Anderson, SC 29622
    Tel.  No. (864) 225-0001
    Fax No. (864) 225-0004
    Email: Marshalls@msslawfirm.net

Anderson, South Carolina

August 26, 2013

**STATE OF SOUTH CAROLINA** )
                                )
**COUNTY OF ANDERSON** )

**BALLOON
PROMISSORY NOTE**

     **FOR VALUE RECEIVED THIS 26th DAY OF May, 2011, I, Alicia Thomas** promise to pay to **Lloyd C. Trotter** or order, the sum of **Two-Hundred and Seventy-Four Thousand and No/100ths ($274,000.00) DOLLARS**, with interest thereon from date at the rate of **6% PER CENT PER ANNUM**, to be computed and paid in equal monthly installments in the amount of **$ 1,500.00** beginning the **1st** day of **August , 2011,** and the **1st** day of each month thereafter for **35** months, with the final balloon payment of all remaining principal and interest, and late fees(if any) to be due on the **1st** day of **August. 2014;** all interest not paid when due to bear interest at the same rate as principal. Any payment not paid by the **1st** of each month shall be considered late and a late payment of **$35.00** shall be added to the outstanding principal balance.

Payments will be made to the holder of this instrument at the following address:
**7 Harvest Court, Greenville, SC 29601**

     AND we hereby agree that if at any time any portion of said principal or interest shall be past due and unpaid, the whole amount evidenced by this Note shall at the option of the holder thereof, become immediately due and said holder shall have the right to institute any proceedings upon this Note and any collaterals given to secure the same for the purpose of collecting said principal and interest, with cost and expenses, or of protecting any security connected herewith. Notwithstanding the foregoing, in the event of default the holder of this instrument shall give the undersigned notice of default and at least ten (10) days in which to cure same prior to institution of any legal action to collect same.

     AND we further agree hereby that if any part of the money due hereon be not paid when due, or if this Note be placed in the hands of an attorney for collection, or if this debt or any part thereof, be collected by an attorney or legal proceedings of any kind, an attorney's fee of a reasonable amount besides all costs and expenses incident upon such collection, shall be added to the amount due upon this Note and be collectable as a part thereof.

                                     _Alicia Thomas_ (SEAL)
                                     **Alicia Thomas**



STATE OF SOUTH CAROLINA )

COUNTY OF ANDERSON )

**MORTGAGE OF REAL ESTATE
AND SECURITY AGREEMENT**

TO ALL WHOM THESE PRESENTS MAY CONCERN:

**Alicia Thomas** (hereinafter referred to as Mortgagor) SEND GREETING:

Whereas, the said Mortgagor is well and truly indebted unto **Lloyd C. Trotter** (hereinafter referred to as Mortgagee) as evidenced by the Mortgage Note (hereinafter referred to as Note) in writing, dated **May 26, 2011**, given unto **Alicia Thomas** in the full and just sum of **Two-Hundred and Seventy-Four Thousand and no 100ths ($274,000.00)Dollars** with interest thereon from date to be paid according to the terms contained in said note. This mortgage is given to secure the payment of the above-described Note, as well as all other sums and future advances which may hereafter be owing to Mortgagee by Mortgagor however evidenced. It is understood and agreed that the Mortgagee may from time to time make loans and advances to Mortgagor, all of which will be secured by this Mortgage, plus interest thereon, attorney's fees and court costs.

**NOW KNOW ALL MEN**, That the said Mortgagor in consideration of the said debt and sum of money aforesaid, and for the better securing the payment thereof to the said Mortgagee according to the terms of said note, and also in consideration of the further sum of Three Dollars, to the said Mortgagor in hand well and truly paid by the said Mortgagee at and before the signing of these Presents, the receipt whereof is hereby acknowledged, have granted, bargained, sold and released and by these Presents do grant, bargain, sell and release unto the said Mortgagee, and Mortgagee's Heirs, or Successors, and Assigns, forever:

ALL that certain piece, parcel or lot of land situate, lying and being in the City of Anderson, Centerville Township, Anderson County, South Carolina, containing 0.480 acre, more or less, as shown on plat made by Farmer & Simpson Engineers, Inc., dated December 11, 1992, and recorded in the Office of the Register of Deeds for Anderson County, South Carolina in Plat Book 105 at Page 893. For a more complete description as to metes, bounds, courses, and distances reference to said plat is hereby invited which is incorporated herein by reference thereto.

TMS:123-27-02-005

This being that same property conveyed unto Alicia Thomas by deed of Lloyd C. Trotter dated May 26, 2011 and recorded in the Register of Deeds Office for Anderson County, South Carolina in Book 10037 at Page 153, on May 26, 2011.

1



EXHIBIT
B

Hall.Graham    00151

**Mortgagee's mailing address:**    7 Harvest Ct., Greenville, SC 29601

TO HAVE AND TO HOLD all and singular the said premises unto the Mortgagee, its successors and assigns forever.

The Mortgagor covenants that he is lawfully seized of the premises hereinabove described in fee simple absolute, that he has good right and lawful authority to sell, convey, or encumber the same, and that the premises are free and clear of all liens and encumbrances except those known to Mortgagee. The Mortgagor further covenants to warrant and forever defend all and singular the premises unto the Mortgagee forever, from and against the Mortgagor and all persons whomsoever lawfully claiming the same or any part thereof.

The Mortgagor covenants and agrees as follows:

1.  That he will promptly pay the principal of and interest on the indebtedness evidenced by the said note, and any renewals thereof at the times and in the manner therein provided.

2.  That this mortgage shall secure the Mortgagee for such further sums as may be advanced hereafter, at the option of the Mortgagee, for the payment of taxes, insurance premiums, public assessments, repairs or other purposes covenanted herein to be paid or performed by the Mortgagor; and that all sums so advanced shall bear interest at the same rate as the Mortgage debt and shall be payable on demand of the Mortgagee, unless otherwise provided in writing.

3.  That he will keep the improvements now existing or hereafter erected on the mortgaged property insured as may be required from time to time by the Mortgagee against loss by fire and other hazards, casualties and contingencies in such amounts and for such periods as may be required by the Mortgagee and will pay promptly, when due, any premiums on such insurance provision for payment of which has not been made hereinbefore. All insurance shall be carried in companies approved by the Mortgagee and the policies and renewals thereof shall be held by the Mortgagee and have attached thereto loss payable clauses in favor of and in form acceptable to the Mortgagee. In event of loss Mortgagor will give immediate notice by mail to the Mortgagee, who may make proof of loss if not made promptly by Mortgagor, and each insurance company concerned is hereby authorized and directed to make payment for such directly to the Mortgagee instead of to the Mortgagor and Mortgagee jointly, and the insurance proceeds, or any part thereof, may be applied by the Mortgagee at its option either to the reduction of the indebtedness hereby secured or to the restoration or repair of the property damaged. In event of foreclosure of

2

Hall.Graham    00152

this mortgage or other transfer of title to the mortgaged property in extinguishment of the indebtedness secured hereby, all right, title and interest of the Mortgagor in and to any insurance policies then in force shall pass to the purchaser or grantee.

4. That he will keep all improvements now existing or hereafter erected upon the mortgaged property in good repair, and should he fail to do so, the Mortgagee may, at its option, enter upon said premises, make whatever repairs are necessary, and charge the expenses for such repairs to the mortgage debt.

5. That he will pay all said taxes, insurance premiums and assessments annually before same become delinquent and exhibit paid receipts therefor to the Mortgagor, and, on the failure of the Mortgagor to pay all taxes, insurance premiums and public assessments, the Mortgagee may, at its option, pay said items and charge all therefor to the mortgage debt.

6. That he hereby assigns all the rents, issues and profits of the mortgaged premises from and after any default hereunder, and should legal proceedings be instituted pursuant to this instrument, the Mortgagee shall have the right to have a receiver appointed of the rents, issues and profits, who shall have the right to take possession of said premises and who, after deducting all charges and expenses attending such proceedings and the execution of his trust as receiver, shall apply the residue of the rents, issues and profits toward the payment of the debt secured hereby.

7. That, at the option of the Mortgagee, this mortgage shall become due and payable forthwith if the Mortgagor shall convey away said mortgaged premises, or if the title shall become vested in any other person in any manner whatsoever other than by death of the Mortgagor.

8. It is agreed that the Mortgagor shall hold and enjoy the premises above conveyed until there is a default under this mortgage or in the note secured hereby. It is the true meaning of this instrument that if the Mortgagor shall fully perform all the terms, conditions, and covenants of this mortgage, and of the note secured hereby, that then this mortgage shall be utterly null and void; otherwise to remain in full force and virtue. If there is a default in any of the terms, conditions or covenants of this mortgage, or of the note secured hereby, then, at the option of the Mortgagee, all sums then owing by the Mortgagor to the Mortgagee shall become immediately due and payable and this mortgage may be foreclosed. Should any legal proceedings be instituted for the foreclosure of this mortgage, or should the Mortgagee become a party to any suit involving this Mortgage or the title to the premises described herein, or should the debt secured hereby or any part thereof be placed in the hands of an attorney at law for collection by suit or otherwise, all costs and

3

Hall.Graham    00153

expenses incurred by the Mortgagee, and a reasonable attorney's fee, shall thereupon become due and payable immediately or on demand, at the option of the Mortgagee, as a part of the debt secured thereby, and may be recovered and collected hereunder.

To have and to hold the above granted and described property unto and to the use and benefit of Mortgagee, forever; with power of sale to secure payment to Mortgagee of Note and Agreement at the time and in the manner provided.

9.     The covenants herein contained shall bind, and the benefits and advantages shall inure to, the respective heirs, executors, administrators, successors, and assigns of the parties hereto.  Whenever used, the singular number shall include the plural, the plural the singular, and the use of any gender shall be applicable to all genders.

Witness Mortgagor's hand and seal this 26th day of May, in the year 2011.

Signed, sealed and Delivered
in the presence of:


_____
**WITNESS**

_____
**WITNESS**

_____
Alicia Thomas


STATE OF SOUTH CAROLINA  )
COUNTY    OF    ANDERSON  )          ACKNOWLEDGMENT


I, a Notary Public for the State of South Carolina, do hereby certify that the within Mortgagor(s) personally appeared before me this day and acknowledged the due execution of the foregoing instrument.

Witness my hand and official seal this
the 26th day of May , 2011.

_____
Notary Public for South Carolina
My Commission Expires: 1-13-20

```
110010234  5/26/2011 12:22:10 PM
FILED, RECORDED, INDEXED
Bk: 10037 Pg: 00157 Pages:004
Rec Fee:     10.00    St Fee:
Co Fee:
REGISTER OF DEEDS, ANDERSON CO, SC
Shirley McElhannon
```

Hall.Graham    00154



**SUMMARY APPRAISAL REPORT OF**

**THE PROPERTY LOCATED AT**

1515 N Fant St.

Anderson, SC  29621-4707

**as of**

August 20, 2013

**for**

Marshall Sherard

**by**

DURHAM APPRAISAL SERVICES

1008 N. Main Street
Anderson, SC 29621

EXHIBIT
C

Hall.Graham    00155

**DURHAM APPRAISAL SERVICES**
1008 N. Main Street
Anderson, SC 29621
864-225-3788

August 20, 2013

Marshall Sherard

| | |
|---|---|
| Property - | 1515 N Fant St. |
| | Anderson, SC 29621-4707 |
| Borrower - | Marshall Sherard |
| File No. - | C0000179 |
| Case No. - | Thomas |

Dear :

In accordance with your request, I have prepared an appraisal of the real property located at 1515 N Fant St., Anderson, SC.

The purpose of the appraisal is to provide an opinion of the market value of the property described in the body of this report.

Enclosed, please find the Summary Report which describes certain data gathered during our investigation of the property. The methods of approach and reasoning in the valuation of the various physical and economic factors of the subject property are contained in this report.

An inspection of the property and a study of pertinent factors, including valuation trends and an analysis of neighborhood data, led the appraiser to the conclusion that the market value, as of August 20, 2013 is :

$223,000

The opinion of value expressed in this report is contingent upon the Limiting Conditions attached to this report.

It has been a pleasure to assist you. If I may be of further service to you in the future, please let me know.

Respectfully submitted,

DURHAM APPRAISAL SERVICES

Boyce G. Parks
SC Certification #CG1054

Real Estate Report

## SUBJECT PROPERTY INFORMATION

| | | Type of Property | |
|---|---|---|---|
| Intended User   Marshall Sherard | Census Tract   2 | | |
| Property Address   1515 N Fant St. | | ☐ Residential | ☐ Condo/PUD |
| City   Anderson | County   ANDERSON   State   SC   Zip Code   29621-4707 | ☐ Small Income | ☐ Income |
| Legal Description   DdBk 10037 , DdPg 153 ( Tax map# 123-27-02-005) | | ☒ Commercial | ☐ Industrial |
| Preparer   Boyce G. Parks | Company Name   DURHAM APPRAISAL SERVICES | ☐ Special Purpose | ☐ Retail |
| Address   1008 N. Main Street, Anderson, SC 29621 | | ☐ Other | |
| Telephone No.   864-225-3788 | SS# or ID# | | |
| Client   Marshall Sherard | Intended Use   Estimate market value | | |

## AREA AND NEIGHBORHOOD DESCRIPTION AND ANALYSIS

| | |
|---|---|
| Area Description   General commerical, retail, and service businesses, residential | |
| Neighborhood Description   Restaurants, convenience stores, retail, businesses banks, professional offices | |
| Property Values   Stable | Demand/Supply   Supply exceeds demand |
| Marketing Time   9 to 12 months | Growth   Slow |
| Neighborhood Land Uses   Subject is close to shopping, retail stores, and service businesses | |
| Neighborhood Trend and Probable Changes   No anticipated changes in the area are projected. | |
| Price Range for Similar Type Property (Per Unit or Per Sq. Ft.)   $50.00 to $90.00.00 per sq/ft. | |

Comments on the significant factors in the area and neighborhood that affect the value and marketability of the subject property.

(Note: Race or racial composition is not considered to be a significant evaluation factor.)   Subject is close to all support and service type businesses.

## SITE DESCRIPTION AND ANALYSIS

| | |
|---|---|
| Site Dimensions and Area   .48 +- Ac   See attached map | |
| Zoning Classification and Compliance   Mixed commerical | |
| Highest and Best Use   Present use / Spa | |
| Utilities   Water, Electricty, Sewer | |
| Site Improvements and Characteristics   Paved parking lot | |
| Easements, Encroachments, Special Assessments   None noted other than normal utility easements. | |
| FEMA Special Flood Hazard Area   ☐ Yes   ☒ No   FEMA Flood Zone   X   FEMA Map#   45007C0244E   FEMA Map Date   09/29/2011 | |
| Known or apparent environmental hazads in area, neighborhood or on site   No apparent environmental hazards were noted during inspection. | |
| Assessment   6% | Taxes $6,743 | Association Fees   None |
| Comments   N/A | | |

## DESCRIPTON OF SUBJECT PROPERTY IMPROVEMENTS

| | |
|---|---|
| General Description and Use   Office | |
| Size and Shape   .48 +- Acres. / Irregular | |
| Age and Condition   35+- (condition average) | |
| Exterior Walls and Roof   Brick / Asphalt | |
| Interior Description   Approx. 3194 sq/ft of office area heat & air.  Assumed to have Carpet floor and painted walls and standard lighting. | |

Comments (favorable or unfavorable, including needed repairs, deferred maintenance, known or apparent environmental hazards)   The subject appears to be in average condition from an exterior inspection.

## VALUE ANALYSIS

| | |
|---|---|
| History (sales, listings, offers)   Subject was purchased for $275,000  5/26/11 as shown in Deed Bk 10037 Page 153 | |
| Cost Approach Summary   (see attached sheet if applicable)   $ N/A | |
| Income Approach Summary   (see attached sheet if applicable)   $ N/A | |

| ITEM | SUBJECT | COMPARABLE NO. 1 | +(-) Adjustment | COMPARABLE NO. 2 | +(-) Adjustment | COMPARABLE NO. 3 | +(-) Adjustment |
|---|---|---|---|---|---|---|---|
| Address | 1515 N Fant St. Anderson, SC 29621 | 131 Buford Ave. Anderson | | 609 N. McDuffie Anderson | | 705 N.Fant St. Anderson | |
| Proximity to Subject | | 1.11 miles E | | 0.69 miles S | | 0.63 miles S | |
| Sales Price | $ | $   180,000 | | $   205,000 | | $   231,047 | |
| Price Per | $ | 75.00 | | 56.94 | | 82.05 | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-) Adjustment | DESCRIPTION | +(-) Adjustment | DESCRIPTION | +(-) Adjustment |
| Date of Sale/Time | | 3/18/11 | | 6/14/12 | | 2/9/12 | |
| Location | Average | Average | +5,000 | Average | +10,000 | Average | |
| Age | 30 +- | 20 +- | | 45 +- | | 30 +- | |
| Condition | Average | Average - | +10,000 | Average | +5,000 | Average + | -15,000 |
| Size (Improvements Section) | 3194 sq/ft | 2400 sq/ft | +23,820 | 3600 sq/ft | -12,180 | 2816 sq/ft | +11,340 |
| | .55+-Ac | .39+- Ac | +5,000 | .30 +-Ac | +10,000 | .39 Ac | |
| Conditions of Sale | | | | | | | |
| Special Financing | | | | | | | |
| Total Adjustments | | ☒ +  ☐ - $   43,820 | | ☒ +  ☐ - $   12,820 | | ☐ +  ☒ - $   -3,660 | |
| Indicated Value of Subject | | G24.3 / N24.3 $   223,820 | | G18.1 / N6.3   $   217,820 | | G11.4 / N-1.6 $   227,387 | |
| Sales Comparison Indicated Value   $   223,000   Estimated Value $   223,000 as of August 20, 2013 | | | | | | | |

Reconciliation and General Comments (attach additonal sheets as needed)   The Sales Comparison Analysis is given the most weight since it best reflects the actions of buyers and sellers in the market. The Cost Approach and the Sales Analysis were not considered applicable.

I certify that, to the best of my knowledge and belief: The statements of fact contained in the evaluation are true and correct, the reported analyses, opinions, and conclusions are limited only by the reported assumptions and limiting conditions, and are my personal unbiased professional analysis and conclusions. I have no (or specified) present or prospective interest in the property that is the subject of this evaluation, and I have no (or specified) personal interest with respect to the parties involved. I have no bias with respect to the property of a predetermined value or direction in value that favors the cause of the client, the amount of the value estimate, the attainment of a stipulated result, or the occurrence of a subsequent event. My analysis (unless otherwise indicated) made a personal inspection of the property that is the subject of this evaluation. No one provided significant professional assistance to the person signing this evaluation unless it is so indicated.

| | |
|---|---|
| Property Rights Appraised   ☒ Fee Simple   ☐ Leased Fee   ☐ Leasehold | |
| ☒ My analysis, opinion and conclusions were developed, and this evaluation has been prepared, in conformity with the Uniform Standards of Professional Appraisal Practice | |
| Signature   _Boyce G. Parks_ | Signature |
| Preparer   Boyce G. Parks | Property Inspection:   Supervisor | Property Inspection: |
| Date Report Signed   August 20, 2013 | ☐ Interior   ☒ Exterior   Date Report Signed | ☐ Interior   ☐ Exterior |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Attachments | ☒ Property Sketch | ☒ Value Def. & Assump | ☒ Photographs | ☒ Location Map | ☐ Cost Approach | ☐ Income Approach | ☐ Env. Addendum   # of Attached Sheets |

RMPF Commercial/Industrial FW-69

Page 1 of 1

DURHAM APPRAISAL SERVICES

**ADDITIONAL COMMENTS**

| | |
|---|---|
| Intended User | Marshall Sherard |
| Property Address | 1515 N Fant St. |
| City Anderson | County ANDERSON    State SC    Zip Code 29621-4707 |
| Client | Marshall Sherard |

**ANALYSIS OF VALUE**

The appraiser was not able to inspect the interior of the subject property. The value stated in this report is based on an outside inspection. Information concerning the subject property was obtained from county records and other sources. An interior inspection could result in different value stated in this report.

This appraisal report is subject to the scope of work, intended use, intended user, definition of market value, statement of assumptions and limiting conditions, and certifications. The appraiser may expand the scope of work to include any additional research or analysis necessary based on the complexity of this appraisal assignment.

**SCOPE OF WORK:** The scope of work for this appraisal is defined by the complexity of this appraisal assignment and the reporting requirements of this appraisal report form, including the following definition of market value, statement of assumptions and limiting conditions, and certifications. The appraiser must, at a minimum: (1) perform a visual inspection of the subject property, (2) inspect the neighborhood, (3) inspect each of the comparable sales from at least the street, (4) research, verify, and analyze data from reliable public and/or private sources, and (5) report his or her analysis, opinions, and conclusions in this appraisal report.

**DEFINITION OF MARKET VALUE:** The most probable price which a property should bring in a competitive and open market under all conditions requisite to a fair sale, the buyer and seller, each acting prudently, knowledgeably and assuming the price is not affected by undue stimulus. Implicit in this definition is the consummation of a sale as of a specified date and the passing of title from seller to buyer under conditions whereby: (1) buyer and seller are typically motivated; (2) both parties are well informed or well advised, and each acting in what he or she considers his or her own best interest; (3) a reasonable time is allowed for exposure in the open market; (4) payment is made in terms of cash in U. S. dollars or in terms of financial arrangements comparable thereto; and (5) the price represents the normal consideration for the property sold unaffected by special or creative financing or sales concessions* granted by anyone associated with the sale.

*Adjustments to the comparables must be made for special or creative financing or sales concessions. No adjustments are necessary for those costs which are normally paid by sellers as a result of tradition or law in a market area; these costs are readily identifiable since the seller pays these costs in virtually all sales transactions. Special or creative financing adjustments can be made to the comparable property by comparisons to financing terms offered by a third party institutional lender that is not already involved in the property or transaction. Any adjustment should not be calculated on a mechanical dollar for dollar cost of the financing or concession but the dollar amount of any adjustment should approximate the market's reaction to the financing or concessions based on the appraiser's judgment.

**STATEMENT OF ASSUMPTIONS AND LIMITING CONDITIONS:** The appraiser's certification in this report is subject to the following assumptions and limiting conditions:

1. The appraiser will not be responsible for matters of a legal nature that affect either the property being appraised or the title to it, except for information that he or she became aware of during the research involved in performing this appraisal. The appraiser assumes that the title is good and marketable and will not render any opinions about the title.

2. The appraiser has examined the available flood maps that are provided by the Federal Emergency Management Agency (or other data sources) and has noted in this appraisal report whether any portion of the subject site is located in an identified Special Flood Hazard Area. Because the appraiser is not a surveyor, he or she makes no guarantees, express or implied, regarding this determination.

3. The appraiser will not give testimony or appear in court because he or she made an appraisal of the property in question, unless specific arrangements to do so have been made beforehand, or as otherwise required by law.

4. The appraiser has noted in this appraisal report any adverse conditions (such as the presence of hazardous wastes, toxic substances, etc.) observed during the inspection of the subject property or that he or she became aware of during the research involved in performing this appraisal. Unless otherwise stated in this appraisal report, the appraiser has no knowledge of any hidden or unapparent deficiencies or adverse conditions of the property (such as, but not limited to, the presence of hazardous wastes, toxic substances, adverse environmental conditions, etc.) that would make the property less valuable, and has assumed that there are no such conditions and makes no guarantees or warranties, express or implied. The appraiser will not be responsible for any such conditions that do exist or for any engineering or testing that might be required to discover whether such conditions exist. Because the appraiser is not an expert in the field of environmental hazards, this appraisal report must not be considered as an environmental assessment of the property.

DURHAM APPRAISAL SERVICES

Hall.Graham    00159

**APPRAISER'S CERTIFICATION:**  The Appraiser certifies and agrees that:

1. I have, at a minimum, developed and reported this appraisal in accordance with the scope of work requirements stated in this appraisal report.

2. I performed a visual inspection of the subject property.

3. I performed this appraisal in accordance with the requirements of the Uniform Standards of Professional Appraisal Practice that were adopted and promulgated by the Appraisal Standards Board of The Appraisal Foundation and that were in place at the time this appraisal report was prepared.

4. I developed my opinion of the market value of the real property that is the subject of this report based on the sales comparison approach to value. I have adequate comparable market data to develop a reliable sales comparison approach for this appraisal assignment. I further certify that I considered the cost and income approaches to value but did not develop them, unless otherwise indicated in this report.

5. I researched, verified, analyzed, and reported on any current agreement for sale for the subject property, any offering for sale of the subject property in the twelve months prior to the effective date of this appraisal, and the prior sales of the subject property for a minimum of three years prior to the effective date of this appraisal, unless otherwise indicated in this report.

6. I researched, verified, analyzed, and reported on the prior sales of the comparable sales for a minimum of one year prior to the date of sale of the comparable sale, unless otherwise indicated in this report.

7. I selected and used comparable sales that are locationally, physically, and functionally the most similar to the subject property.

8. I have reported adjustments to the comparable sales that reflect the market's reaction to the differences between the subject property and the comparable sales.

9. I verified, from a disinterested source, all information in this report that was provided by parties who have a financial interest in the sale of the subject property.

10. I have knowledge and experience in appraising this type of property in this market area.

11. I am aware of, and have access to, the necessary and appropriate public and private data sources, such as multiple listing services, tax assessment records, public land records and other such data sources for the area in which the property is located.

12. I obtained the information, estimates, and opinions furnished by other parties and expressed in this appraisal report from reliable sources that I believe to be true and correct.

13. I have taken into consideration the factors that have an impact on value with respect to the subject neighborhood, subject property, and the proximity of the subject property to adverse influences in the development of my opinion of market value. I have noted in this appraisal report any adverse conditions (such as, the presence of hazardous wastes, toxic substances, adverse environmental conditions, etc.) observed during the inspection of the subject property or that I became aware of during the research involved in performing this appraisal. I have considered these adverse conditions in my analysis of the property value, and have reported on the effect of the conditions on the value and marketability of the subject property.

14. I have not knowingly withheld any significant information from this appraisal report and, to the best of my knowledge, all statements and information in this appraisal report are true and correct.

15. I stated in this appraisal report my own personal, unbiased, and professional analysis, opinions, and conclusions, which are subject only to the assumptions and limiting conditions in this appraisal report.

16. I have no present or prospective interest in the property that is the subject of this report, and I have no present or prospective personal interest or bias with respect to the participants in the transaction. I did not base, either partially or completely, my analysis and/or opinion of market value in this appraisal report on the race, color, religion, sex, age, marital status, handicap, familial status, or national origin of either the prospective owners or occupants of the subject property or of the present owners or occupants of the properties in the vicinity of the subject property or on any other basis prohibited by law.

17. My employment and/or compensation for performing this appraisal or any future or anticipated appraisals was not conditioned on any agreement or understanding, written or otherwise, that I would report (or present analysis supporting) a predetermined specific value, a predetermined minimum value, a range or direction in value, a value that favors the cause of any party, or the attainment of a specific result or occurrence of a specific subsequent event.

18. I personally prepared all conclusions and opinions about the real estate that were set forth in this appraisal report. If I relied on significant real property appraisal assistance from any individual or individuals in the performance of this appraisal or the preparation of this appraisal report, I have named such individual(s) and disclosed the specific tasks performed in this appraisal report. I certify that any individual so named is qualified to perform the tasks. I have not authorized anyone to make a change to any item in this appraisal report; therefore, any change made to this appraisal is unauthorized and I will take no responsibility for it.

19. I identified the client in this appraisal report who is the individual, organization, or agent for the organization that ordered and will receive this appraisal report.

20. I am aware that any disclosure or distribution of this appraisal report by me or the client may be subject to certain laws and regulations. Further, I am also subject to the provisions of the Uniform Standards of Professional Appraisal Practice that pertain to disclosure or distribution by me.

21. If this appraisal report was transmitted as an "electronic record" containing my "electronic signature," as those terms are defined in applicable federal and/or state laws (excluding audio and video recordings), or a facsimile transmission of this appraisal report containing a copy or representation of my signature, the appraisal report shall be as effective, enforceable and valid as if a paper version of this appraisal report were delivered containing my original hand written signature.

Hall.Graham    00160

**SUPERVISORY APPRAISER'S CERTIFICATION:** The Supervisory Appraiser certifies and agrees that:

1. I directly supervised the appraiser for this appraisal assignment, have read the appraisal report, and agree with the appraiser's analysis, opinions, statements, conclusions, and the appraiser's certification.

2. I accept full responsibility for the contents of this appraisal report including, but not limited to, the appraiser's analysis, opinions, statements, conclusions, and the appraiser's certification.

3. The appraiser identified in this appraisal report is either a sub-contractor or an employee of the supervisory appraiser (or the appraisal firm), is qualified to perform this appraisal, and is acceptable to perform this appraisal under the applicable state law.

4. This appraisal report complies with the Uniform Standards of Professional Appraisal Practice that were adopted and promulgated by the Appraisal Standards Board of The Appraisal Foundation and that were in place at the time this appraisal report was prepared.

5. If this appraisal report was transmitted as an "electronic record" containing my "electronic signature," as those terms are defined in applicable federal and/or state laws (excluding audio and video recordings), or a facsimile transmission of this appraisal report containing a copy or representation of my signature, the appraisal report shall be as effective, enforceable and valid as if a paper version of this appraisal report were delivered containing my original hand written signature.

| APPRAISER | SUPERVISORY APPRAISER (ONLY IF REQUIRED) |
|---|---|
| Signature *Boyce G. Parks* | Signature |
| Name Boyce G. Parks | Name |
| Company Name DURHAM APPRAISAL SERVICES | Company Name |
| Company Address 1008 N. Main Street | Company Address |
| Anderson, SC 29621 | |
| Telephone Number 864-225-3788 | Telephone Number |
| Email Address bparks1000@aol.com | Email Address |
| Date of Signature and Report August 20, 2013 | Date of Signature |
| Effective Date of Appraisal August 20, 2013 | State Certification # |
| State Certification # CG1054 | or State License # |
| or State License # | State |
| or Other | Expiration Date of Certification or License |
| State SC | |
| Expiration Date of Certification or License 06/30/2014 | SUBJECT PROPERTY |
| | [X] Did not inspect subject property |
| ADDRESS OF PROPERTY APPRAISED | [ ] Did inspect exterior of subject property from street |
| 1515 N Fant St. | Date of Inspection |
| Anderson, SC 29621-4707 | [ ] Did inspect interior and exterior of subject property |
| APPRAISED VALUE OF SUBJECT PROPERTY $ 223,000 | Date of Inspection |
| CLIENT | COMPARABLE SALES |
| Name | |
| Company Name Marshall Sherard | [ ] Did not inspect exterior of comparable sales from street |
| Company Address | [ ] Did inspect exterior of comparable sales from street |
| | Date of Inspection |
| Email Address | |

DURHAM APPRAISAL SERVICES



Location Map

| Intended User | Marshall Sherard |
| Property Address | 1515 N Fant St. |
| City Anderson | County ANDERSON | State SC | Zip Code 29621-4707 |
| Client | Marshall Sherard |

**Comp 1**
131 Buford Ave.
Anderson, SC 29621
1.11 miles E
$180,000

**Subject**
1515 N Fant St.
Anderson, SC 29621-4707

**Comp 3**
705 N.Fant St.
Anderson, SC 29621
0.63 miles S
$231,047

**Comp 2**
609 N. McDuffie
Anderson, SC 29621
0.59 miles S
$205,000

1 Miles

© 2013 Microsoft Corporation   © 2010 NAVTEQ   © AND





ANDERSON
COUNTY
SOUTH CAROLINA

Printed: Aug 19, 2013



## FLOOD MAP

| | |
|---|---|
| Intended User | Marshall Sherard |
| Property Address | 1515 N Fant St. |
| City Anderson | County ANDERSON State SC Zip Code 29621-4707 |
| Client | Marshall Sherard |

### Flood Zones

| | |
|---|---|
| ☐ Areas inundated by 500-year flooding | ■ Floodway areas |
| ☐ Areas outside of the 100- and 500-year flood plains | ▤ Floodway areas with velocity hazard |
| ▨ Areas inundated by 100-year flooding | ☐ Areas of undetermined but possible flood hazards |
| ▨ Areas inundated by 100-year flooding with velocity hazard | ☐ Areas not mapped on any published FIRM |

### Flood Zone Determination

**Latitude:** 34.519016
**Longitude:** -82.651099
**Community Name:**
ANDERSON, CITY OF
**Community:** 450014
**SFHA (Flood Zone):** No
**Within 250 ft. of multiple flood zones:** No
**Zone:** X        **Map #:** 45007C0244E
**Panel:** 0244E        **Panel Date:** 09/29/2011
**FIPS Code:** 45007        **Census Tract:** 2

This Report is for the sole benefit of the Customer that ordered and paid for the Report and is based on the property information provided by that Customer. That Customer's use of this Report is subject to the terms agreed to by that Customer when accessing this product. No third party is authorized to use or rely on this Report for any purpose. NEITHER FIRST AMERICAN FLOOD DATA SERVICES NOR THE SELLER OF THIS REPORT MAKES ANY REPRESENTATIONS OR WARRANTIES TO ANY PARTY CONCERNING THE CONTENT, ACCURACY OR COMPLETENESS OF THIS REPORT, INCLUDING ANY WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. Neither FARES nor the seller of this Report shall have any liability to any third party for any use or misuse of this Report.



## PHOTOGRAPH ADDENDUM

| | | | | | |
|---|---|---|---|---|---|
| Intended User | Marshall Sherard | | | | |
| Property Address | 1515 N Fant St. | | | | |
| City | Anderson | County | ANDERSON | State | SC | Zip Code | 29621-4707 |
| Client | Marshall Sherard | | | | |



**FRONT VIEW OF SUBJECT PROPERTY**



**REAR VIEW OF SUBJECT PROPERTY**



**STREET SCENE OF SUBJECT PROPERTY**

Hall.Graham    00165

## PHOTOGRAPH ADDENDUM

| | |
|---|---|
| Intended User | Marshall Sherard |
| Property Address | 1515 N Fant St. |

| City | Anderson | County | ANDERSON | State | SC | Zip Code | 29621-4707 |
|---|---|---|---|---|---|---|---|

| | |
|---|---|
| Client | Marshall Sherard |



**COMPARABLE #1**

131 Buford Ave.
Anderson

| | |
|---|---|
| Price | $180,000 |
| Price/SF | 75.00 |
| Date | 3/18/11 |
| Age | 20 +- |
| Living Area | 2400 sq/ft |
| Value Indication | 223,820 |



**COMPARABLE #2**

609 N. McDuffie
Anderson

| | |
|---|---|
| Price | $205,000 |
| Price/SF | 56.94 |
| Date | 6/14/12 |
| Age | 45 +- |
| Living Area | 3600 sq/ft |
| Value Indication | 217,820 |



**COMPARABLE #3**

705 N.Fant St.
Anderson

| | |
|---|---|
| Price | $231,047 |
| Price/SF | 82.05 |
| Date | 2/9/12 |
| Age | 30 +- |
| Living Area | 2816 sq/ft |
| Value Indication | 227,387 |

DURHAM APPRAISAL SERVICES

Hall.Graham    00166